J-S52043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ALLEN MCLAUGHLIN | : | |
| | : | |
| Appellant | : | No. 470 MDA 2017 |

Appeal from the Judgment of Sentence March 7, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-MD-0000278-2017

BEFORE: GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED SEPTEMBER 15, 2017**

Appellant, Christopher Allen McLaughlin, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas, following his bench trial conviction for indirect criminal contempt.[1] We affirm.

The relevant facts and procedural history are as follows. On January 4, 2017, Appellant's wife ("Wife") filed a Protection From Abuse ("PFA") petition based on allegations of physical and mental abuse. The trial court issued a PFA order against Appellant on January 17, 2017, which stated Appellant "shall not abuse, harass, stalk, or threaten" Wife or his children and forbade Appellant from having any contact with Wife. (Final PFA Order, entered 1/27/17, at 2). During a hearing on the matter, the trial court

_____

[1] 23 Pa.C.S.A. § 6114(a).

informed Appellant of the conditions listed in the PFA order. The trial court, however, orally permitted Appellant to remain in the marital home as long as Appellant complied with the PFA order. On February 11, 2017, while the PFA order was in effect, Appellant had an altercation with Wife in front of their children. Wife locked herself and her children in her bedroom, called police for assistance, and waited until police arrived to leave the bedroom. The trial court held a PFA violation hearing on March 7, 2017. During the hearing, Appellant stated he knew he could not call Wife at work, harass her, or bother her. The trial court convicted Appellant of indirect criminal contempt on the same day and sentenced Appellant to ninety (90) days' probation. The trial court also modified the PFA order to evict Appellant from the marital home and extended the PFA order for three (3) more years. Appellant timely filed a notice of appeal on March 16, 2017. On March 21, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on April 4, 2017.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FINDING [APPELLANT] GUILTY OF INDIRECT CRIMINAL CONTEMPT AS TWO (2) OF THE FOUR (4) REQUIRED ELEMENTS WERE NOT MET?
>
> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN NOT FINDING ANY ALLEGED VIOLATION TO BE DE MINIMIS AND NON-THREATENING?

(Appellant's Brief at 4).

Our standard of review for a sufficiency of the evidence challenge to a criminal contempt conviction is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> \* \* \*
>
> When reviewing a contempt conviction…we are confined to a determination of whether the facts support the trial court decision. We will reverse a trial court's determination only when there has been a plain abuse of discretion.

**Commonwealth v. Brumbaugh**, 932 A.2d 108, 109-111 (Pa.Super. 2007) (internal citations and quotations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jonathan D. Grine, we conclude Appellant's issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions

- 3 -

presented. (*See* Trial Court Opinion, filed April 25, 2017, at 2-3) (finding: **(1)** PFA order plainly and specifically prohibited harassment even though Appellant could stay in marital home; trial court informed Appellant at PFA hearing that he could not stalk or harass Wife and children; trial court warned Appellant he must comply with PFA order if he continued to live in marital home with Wife; during PFA violation hearing, Appellant stated he knew he could not call Wife at work, harass, or bother her; Appellant was not under duress or threat of violence and acted on his own volition when he harassed Wife and children; Appellant's repeated yelling at protected parties demonstrated intent to harass; **(2)** Appellant's actions were not *de minimis* and non-threatening; Appellant's conduct upset children and caused Wife to lock herself and children in her bedroom, call police, and wait until police arrived; trial court did not err in finding Appellant guilty of indirect criminal contempt because all elements were met). The record supports the trial court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017